**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJENDER KUMAR, | No. 18-70031 |
| Petitioner, | |
| v. | Agency No. A201-108-023 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Rajender Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that, although Kumar established past persecution, the government rebutted Kumar's presumption of a well-founded fear of future persecution with evidence that he could safely and reasonably relocate within India to avoid harm. *See* 8 C.F.R. § 1208.13(b)(2)-(3); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998-99 (9th Cir. 2003) (substantial evidence supported finding that presumption of future persecution was rebutted). Thus, Kumar's asylum claim fails.

In this case, because Kumar failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of Kumar's CAT claim because he failed to demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the Indian government. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013).

We reject Kumar's contentions that the IJ failed to properly consider

18-70031

portions of his testimony.

**PETITION FOR REVIEW DENIED.**